CHARLES H. BRACKENRIDGE *vs.* CITY OF FITCHBURG.
NELLIE M. BRACKENRIDGE *vs.* SAME.

Worcester.    October 4.—20, 1887.    C. ALLEN & KNOWLTON, JJ., absent.

It cannot be ruled, as matter of law, that a person who is driving a blind horse on a dark and rainy night cannot maintain an action against a town for an injury occasioned by a defect in a highway while so driving.

TWO ACTIONS OF TORT for injuries occasioned to the plaintiffs by reason of an alleged defect in North Street in Fitchburg. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

North Street is a side street leading from Main Street, and substantially level, and at the place of the accident the land upon each side of the location of the highway is low and wet. It appeared that the plaintiffs, who are husband and wife, on March 31, 1885, left their house in the evening, intending to go to a concert at the Opera House; that they were riding in an open buggy, the husband being the driver of the horse ; that their house is on the outskirts of the city, about a mile from the Opera House on Main Street; and that in going to the Opera House they were driving along North Street when the horse suddenly went into a hole in the street, the left side of the wagon went down, the wagon was soon thrown over, and the plaintiffs were thrown out, and suffered the injuries complained of. It was raining a little, and " quite dark," at the time of the accident.

The evidence showed that there had been rains and a thaw a few days before the accident, which melted the snow, and that the frost was coming out of the ground ; that the defect complained of consisted of a channel or ditch about three feet wide and two feet deep, and from forty to sixty feet long, about in the line of the left wheel ruts of the street, which had been caused by the water undermining the street and causing the street to cave in.

It appeared that the plaintiff Charles H. Brackenridge had owned the horse for about five years, and that for two years prior to the accident the horse had been totally blind, but was otherwise safe, and had been in constant use by himself and

family. The plaintiff testified that he was at the time driving at the rate of about five miles an hour, and there was some evidence that he was driving faster than this.

The defendant asked the judge to instruct the jury, that, under the circumstances stated, a blind horse was not a safe and suitable horse to drive on the highway, and that the plaintiffs could not recover. The judge declined so to rule, but instructed the jury upon this point as follows: " If the blindness of the horse rendered him unsafe or unsuitable to drive on the highway at this time and in this manner, the plaintiffs cannot recover; nor can they if their negligence or the unsafety of the horse in any way contributed to the injury.

The jury returned a verdict for each of the plaintiffs; and the defendant alleged exceptions.

*E. P. Pierce*, for the defendant.

*G. A. Torrey*, for the plaintiffs.

HOLMES, J. It is too plain for extended argument, that the court was right in refusing to rule, as matter of law, that the plaintiffs could not recover for a defect in the highway because they were driving a blind horse on a dark night. See *Smith* v. *Wildes*, 143 Mass. 556; *Wright* v. *Templeton*, 132 Mass. 49; *Daniels* v. *Lebanon*, 58 N. H. 284. It was for the jury to consider how dark the night was. They might have found that the plaintiffs could see the road. They might have found that a horse with sound eyes could not have done so. Whatever the degree of darkness, it was for the jury to say whether the horse's possession of sight would have diminished appreciably the chances of the accident, and it was at least open to them to find that the plaintiffs had a right to assume that the city had done its duty, and therefore that they were not bound to provide against its possible neglect. See *Thompson* v. *Bridgewater*, 7 Pick. 188; *Learoyd* v. *Godfrey*, 138 Mass. 315, 324; *Smith* v. *Wildes, ubi supra; Glidden* v. *Reading*, 38 Vt. 52, 57.

*Exceptions overruled.*